(No. 26198.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES BLUE, Plaintiff in Error.

*Opinion filed Sept. 17, 1941—Rehearing denied November 18, 1941.*

HAROLD L. LEVY, (WM. SCOTT STEWART, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court.

Plaintiff in error, Charles Blue, was tried and convicted in the criminal court of Cook county of the crime of murder. He was tried without a jury and sentenced to fourteen years' imprisonment in the penitentiary. He seeks a review on writ of error by this court.

The defendant shot and killed one Axel Olson in a tavern operated by the latter. There were seven eye-witnesses to the shooting, whose testimony is in substantial accord. Defendant had been living with one Elizabeth Leef, who was a frequent visitor at the tavern. Shortly before the shooting they had separated, and there was some question of money owing from her to the defendant. On the evening of July 31, 1937, defendant went to the tavern of Olson, and Elizabeth Leef, who was then near the end of the bar farthest from the entrance, went into the kitchen. Defendant followed her into the kitchen. Olson told the defendant no one was allowed in the kitchen, and took him by the back of the coat and pulled him out. The defendant says while in the kitchen he was struck with a club or billy by Olson. After coming from the kitchen defendant went around in front of the bar, and according to the testimony of all of the eye-witnesses, as Olson dropped down back of the bar in front of the defendant, the latter raised up, reached over the bar and shot him, as the result of which Olson died.

The defendant was sixty-four years old. He walked out of the tavern, was shortly thereafter arrested and taken to the police station, where he said he had had some previous arguments with Olson, and that the shooting was the result of an argument. According to his own testimony he was struck while in the kitchen, and when he came out he was so dazed he did not know what he was doing; that as Olson dropped down behind the bar it was at a place where Olson had previously shown him he kept a gun, and that he fired just as the deceased was rising up from behind the bar. There is no evidence that at the time of the shooting there was any assault upon defendant by Olson, as that had ceased after the defendant had been ejected from the kitchen.

The evidence shows there was no gun behind the bar. It also shows that the defendant had acquired the weapon with which the homicide was committed some three weeks before its occurrence. The evidence is overwhelming and conclusive that the killing was committed by the defendant; that the encounter in the kitchen had terminated; that Olson was behind the bar and that he was shot by the defendant as he was stooping below the level of the bar. It is difficult to imagine what danger the defendant would think he was in when he was in front of the bar, standing up, armed with a deadly weapon, the fight ended, and Olson back of the bar. It is true the defendant says that he shot just as the bartender raised his head above the bar, but in this respect he is disputed by all of the eye-witnesses.

The case was tried before the court without a jury, and in such a case the Supreme Court will not substitute its judgment for the judgment of the trial court. (*People* v. *Bolger*, 359 Ill. 58.) The only error assigned is that the evidence is not sufficient to remove all reasonable doubt of defendant's guilt. Citation of authority is unnecessary, under the facts clearly established in the record, to determine whether the offense committed was murder. Under

the facts, the defendant has not brought himself within any of the grounds which would excuse him in killing Olson. There is nothing in the record, even taking the testimony of the defendant himself, that indicates at the time of the killing he believed he was apparently in danger of losing his life or suffering great bodily harm; but, assuming that his own statement constituted any justification it is overwhelmingly refuted by the testimony of the witnesses for the prosecution, that Olson "ducked" behind the bar, and the defendant reached over the bar and shot and killed him.

In our opinion there was no other finding the trial court could enter other than that of murder, and plaintiff in error is in no position to complain when he was given the minimum sentence under the law.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*